2025 IL App (2d) 240716-U
No. 2-24-0716
Order filed February 28, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 24-CF-2186 |
| SERAFIN X. CASTELLANOS, JR., | ) ) ) | Honorable David P. Kliment, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court.
Justices Jorgenson and Schostok concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The trial court did not err in ordering defendant released pretrial with conditions where defendant was 18 years old, had no criminal history, and would be living with his mother while released. Affirmed.

¶ 2   At issue here is whether the trial court erred in granting defendant, Serafin X. Castellanos, Jr., pretrial release with conditions, pursuant to 725 ILCS 5/110-6.1 (West 2024). For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4 On October 6, 2024, the State charged defendant with one count of possession of a firearm while FOID card invalid or not eligible (430 ILCS 65/2(a)(1) (West 2024)), a class 3 felony; four counts of aggravated unlawful use of a weapon (720 ILCS 5/24-1.6(a)(2) (West 2024)), a class 4 felony; and one count of obstructing a police officer (720 ILCS 5/31-1(a)(2) (West 2024)), a class A misdemeanor. The same day, the State filed a verified petition to deny defendant pretrial release pursuant to 725 ILCS 5/110-6.1.

¶ 5 The matter proceeded to pretrial detention hearing on October 6, 2024. The State tendered the Aurora Police Department synopsis, which relayed the following. On October 4, 2024, Aurora police officers conducted a walk through at the West Aurora High School football game. School staff informed the officers that defendant and his companions were banned from attending the football game. Officers observed defendant and a group of four other individuals improperly walking in the roadway near the entrance of the football stadium. Officers then observed the individuals cross the street without using the crosswalk.

¶ 6 At this point, officers approached the individuals, who began to run away. The officers pursued them on foot, while also requesting the individuals to stop running. Defendant jumped over a fence, was overtaken by officers, and placed into custody. Officers searched defendant's flight path after he had jumped the fence and found a loaded .40 caliber Glock 22. Defendant was the only individual who had jumped the fence. Once at the station, officers attempted to interview defendant, but he refused. The State proffered that immediately upon arrest, defendant made comments that "25 cops have testified against his dad," who is a Vice Lord currently in prison for murder. When this was brought up, the transcript shows a disturbance in the audience, apparently from defendant's family. They were reprimanded, and no further disturbances occurred.

¶ 7 The State also tendered defendant's criminal history, which indicated he had no prior convictions. Defendant was rated a 4 out of 6 on the new criminal activity scale and a 2 out of 6 on the failure to appear scale. It recommended Pretrial Supervision Level 1, which incorporates an intake appointment with Court Services and provides court reminders prior to every hearing.

¶ 8 The State then argued that no conditions would mitigate the threat posed by defendant, as he allegedly committed these crimes while living at home, he ran from officers when they attempted to make contact, and he was in possession of a loaded firearm that he was not legally allowed to have.

¶ 9 Defense counsel then argued that the State failed to meet their burden, as the firearm was not found on defendant's person nor in his vicinity. Additionally, there is no DNA evidence tying the firearm to defendant. Defense counsel then argued that because defendant is young, has no criminal history, and the firearm was not used, pretrial release with conditions is appropriate. Counsel also proffered that if released, he would reside with his mother and continue working parttime at Best Buy.

¶ 10 The trial court denied the State's petition and granted defendant pretrial release, with conditions:

> "The Court has reviewed the State's exhibit which is synopsis and petition and also considered the proffered evidence and also the argument.
>
> The Court also could consider other additional factors for determining whether this is a dangerous -- and he is posing any real and present threat.
>
> So first, the Court has to consider the proffer in determining that the State has proved the -- by clear and convincing evidence that proof is evident and presumption is great.

First, I consider the synopsis. The multiple officers witness five individuals and officers were present to do a walk-through for West Aurora High School football game.

They were actually informed Mr. Serafin Castellanos is actually banned from the football game.

Another individual from that five individual group was juvenile, too.

And the synopsis that Mr. Serafin Castellanos was very close proximity of the stadium. It was near the entrance and exit of the West Aurora High School.

The synopsis is unclear because later when the officers wanted to make a contact, it was 2218. I don't know by then whether the football game is over or not. And those -- when the officers exit the squad cars, the group of five individuals began to run.

Mr. Serafin Castellanos was the one who ran and when officer arrested Mr. Castellanos and in the synopsis indicated there was a command of stop, and the officer traced back the flight path, that's when he found the 40-caliber Glock and there was a 10 rounds in the magazine on top of a trailer.

The Court has a concern about -- and also that the Court has a concern about that the State has to prove that the defendant is posing a real and present danger.

Considering the circumstance, this is a crowded public event and he was aware that he was banned from that event. And that he was with an individual, two other individuals, who were in possession of another firearm at the time.

And then -- then the Court still has consider even after the State has proven by clear and convincing evidence that the proof is evident and presumption is great

and that he pose a real and present danger, whether there is any combination of conditions can mitigate this threat of safety.

So I considered the several factors. The nature of the charge is a gun and it is always raise a red flag about safety issues including the circumstances in this case as the State indicated. The two other individuals in possession of a loaded firearm.

However, considering Mr. Castellanos age, he's only 18, and based on PSA, even though it is a four out of six new criminal activity and two out of six failure to appear scale, there is no indication there was any other criminal history and I did not hear any violent criminal history or especially weapon charge.

And I did not hear any gang association other than association of his father. And defense counsel indicated that he's actually living with his mother.

\* \* \*

Okay. Based on that lack of a criminal history and the family could still supervise in a stable house for Mr. Castellanos, I am going to release him with the pretrial condition."

¶ 11 A written order entered the same day memorializing the trial court's findings and imposing maximum conditions of pretrial release: (1) electronic home monitoring (EHM); (2) no contact with Zavion Lopez or Brandon Martinez (his co-defendants); (3) stay 500 feet away from West Aurora High School; (4) shall not possess a firearm; and (5) shall not commit any criminal offenses.

¶ 12 The State filed a motion for relief on October 21, 2024, which proceeded to hearing on October 29, 2024. The State argued that the trial court failed to consider or incorrectly analyzed

the following: (1) that defendant was banned from the premises, yet was present and looking for a confrontation; (2) that defendant ignored commands by police officers and fled; (3) that although defendant would be living with his mother if released, his mother interrupted the court proceedings, which shows a lack of respect for law enforcement or judicial processes; (4) that defendant possessed a loaded firearm when he was not legally allowed to have one; (5) that defendant scored a 4 out of 6 on the new criminal activity scale.

¶ 13     Defendant argued that the trial court's pretrial release of defendant was proper. The trial court denied the motion for relief, and modified defendant's conditions, placing him on GPS monitoring instead of EHM. This timely appeal followed.

¶ 14                                    II. ANALYSIS

¶ 15     At issue in this appeal is whether the trial court erred in denying the State's petition to detain, thus ordering defendant released pretrial with conditions. The State argues in its motion for relief there are no conditions or combination of conditions which would reasonably ensure the safety of the community and that the trial court failed to consider or incorrectly analyzed the following: (1) that defendant was banned from the premises, yet was present and looking for a confrontation; (2) that defendant ignored commands by police officers and fled; (3) that although defendant would be living with his mother if released, his mother interrupted the court proceedings, which shows a lack of respect for law enforcement or judicial processes; (4) that defendant possessed a loaded firearm when he was not legally allowed to have one; (5) that defendant scored a 4 out of 6 on the new criminal activity scale.

¶ 16     In its appellate memorandum, the State argues again that there are no conditions or combination of conditions which would reasonably ensure the safety of the community and

reiterates the points made in his motion for relief. Defendant argues that the trial court appropriately released defendant with conditions. For the following reasons, we affirm.

¶ 17    When parties to a pretrial detention hearing proceed solely by proffer, as in here, a reviewing court is not bound by the trial court's findings and our review is *de novo*. *People v. Morgan*, 2025 IL 130626, ¶ 51.

¶ 18    Under Article 110 of the Code of Criminal Procedure of 1963 (hereinafter, "Code"), all defendants are presumed to be entitled to pretrial release. 725 ILCS 5/110-2(a) (West 2024). Upon verified petition by the State, the trial court shall hold a hearing under 725 ILCS 5/110-6.1. In order to be denied pretrial release, the State must prove by clear and convincing evidence that (1) the proof is evident or the presumption great that the defendant has committed a qualifying offense; (2) the defendant poses a real and present threat to the safety of any person or persons or the community; and (3) no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community. 725 ILCS 5/110-6.1(e)(1)-(3) (West 2024).

¶ 19    In determining which conditions of pretrial release, if any, will ensure the safety of any person or persons or the community, the trial court may consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the evidence; (3) the history and characteristics of the defendant; (4) the nature and seriousness of the real and present threat that would be posed by defendant's release; (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process that would be posed by the defendant's release. 725 ILCS 5/110-5(a)(1)-(5) (West 2024). No one factor is dispositive. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 12.

¶ 20    After review of all of the factors listed in section 110-5, we conclude that the trial court did not err in ordering defendant released pretrial with conditions. We recognize, as the trial court did, that defendant was near a high school football game with a loaded firearm, which is inherently dangerous. Additionally, he attempted to flee from officers. However, the nature and circumstance of the offense must be balanced with all the other factors—including the history and characteristics of the defendant. Here, the defendant was an 18-year-old high school graduate with no criminal history, who would be living with his mother and would be gainfully employed at Best Buy if released. The PSA report scored him a 4 out of 6 on the new criminal activity scale, a 2 out of 6 on the failure to appear scale, and recommended one of the lowest supervision levels. This, along with the presumption of release, all weighs in favor of pretrial release with conditions.

¶ 21    The State insists that the fact defendant was banned from the premises, yet was present and looking for a confrontation, meant that the risk posed by defendant could not be mitigated by any condition. We disagree. As the State notes in their motion for relief, "*[w]hile it is not blatantly said or argued*, it is clear that the defendant and his accomplices were looking to start a fight that could have easily escalated into a school shooting." The synopsis does not indicate that the defendant was looking to start a fight. Nor does it indicate that defendant interacted with any attendees of the game at all, let alone in an aggressive manner. At the time officers observed defendant, he was not on the premises of the football stadium. The trial court appropriately balanced the nature and circumstances of the offense with the defendant's age and his lack of criminal history in determining pretrial release conditions. It was one factor of many it considered in carefully crafting appropriate pretrial releasee conditions for defendant.

¶ 22    The State also argues that although defendant would be living with his mother if released, his mother interrupted the court proceedings, which shows a lack of respect for law enforcement

or judicial processes. Additionally, defendant's father is a Vice Lord, and defendant's reference to him upon arrest further show defendant's lack of respect for law enforcement or judicial processes. However, there is no information contained in the record regarding the nature of the interruption. Without more information we cannot conclude that his family has such a lack of respect of law enforcement that releasing defendant to them during the pendency of his case would cause the threat posed by defendant to be unmitigated. Further, there is no evidence in the record that defendant himself has gang affiliations. Only the proffered evidence from the State that his father is a Vice Lord. Without more, we will not hold this against defendant. As noted before, he is an 18-year-old high school graduate with no criminal history. His history and characteristics weigh in favor of pretrial release.

¶ 23     Finally, the State also alleges that defendant possessed a loaded firearm when he was not legally allowed to have one, which shows his inability to follow court orders. However, this argument fails. If we were to accept this argument, few defendants would ever be released. Further, we reiterate that the nature and circumstances of the offense are just one factor of many to be considered. Here, the history and characteristics of the defendant weigh in favor of pretrial release, as he is a young offender with no history. The nature and seriousness of the real and present threat that would be posed by defendant is a factor that also weighs in favor of pretrial release. Based on the information contained in the record, defendant no longer has access to a weapon and also has no history that would indicate he would be likely to reoffend. Although the nature and circumstances of the offense were inarguably dangerous, any real and present threat posed by defendant's release is not so serious that it cannot be mitigated by pretrial release conditions. The final factor is the nature and seriousness of the risk of obstructing. This factor also weighs in favor

of pretrial release. Although defendant fled from officers initially, he did ultimately comply with the order to get on the ground. Further, he scored a 2 out of 6 on the failure to appear scale.

¶ 24    Given the above, we conclude that the State failed to prove that conditions of release cannot mitigate the threat posed by defendant. Accordingly, the trial court's pretrial release of defendant with conditions was not in error.

¶ 25                                    III. CONCLUSION

¶ 26    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 27    Affirmed.